# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| LORENZO WILLIAMS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>STEVE KALLIS, )<br>)<br>Respondent. ) | Case No. 19-1083<br>Criminal Case No. 00-cr-00056 |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Lorenzo Williams' Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1), and the Government's Motion for Leave to Bifurcate Response and Partial Response (ECF No. 5). For the reasons stated herein, the Government's Motion for Leave to Bifurcate is GRANTED, Williams' Petition is DENIED, and his claim for sentencing relief is DISMISSED. The Clerk of Court is directed to close this case.

## BACKGROUND[1]

On September 28, 2000, Williams was indicted in the U.S. District Court for the Northern District of Iowa on one charge of Interference with Commerce by Violence, a violation of the Hobbs Act under 18 U.S.C. § 1951, for robbing a taxicab driver at knifepoint two weeks prior. The Hobbs Act, which amended the Federal Anti-Racketeering Act of 1934, was intended to remove artificial restraints on the free flow of goods. *United States v. Staszcuk*, 517 F.2d 53, 56-58 (7th Cir. 1975). The Act provides that "whoever in any way or degree obstructs, delays, or affects commerce . . . by robbery or extortion or attempts or conspires to do so . . . shall be fined under this title or imprisoned not more than 20 years, or both." 18 U.S.C. § 1951(a) (1994).

---

[1] Portions of the second paragraph are taken, nearly verbatim, from *United States v. Williams*, 308 F.3d 833, 835-36 (8th Cir. 2002).

Williams' modus operandi was to rob cab drivers at knifepoint and, upon exit, rip the radio from the cab's console, eliminating the ability of the driver (pre-cell phone era) to call for help.

At trial, the cab driver was the only corroborating witness to testify to the events of the robbery. Williams' attorney attempted to impeach the driver's credibility by suggesting the events between he and Williams were a drug deal gone bad. In response, the government introduced evidence of Williams' five prior convictions for cab robberies spanning more than two decades. To support its theory that Williams' crime affected interstate commerce, the government introduced evidence that most of the cab fare revenue was used to buy gasoline (which moved through interstate commerce), the driver frequently transported FedEx employees, railroad crew members, and packages (which were moving through interstate commerce), and the cab was inoperable during the time of the robbery (when lucrative trips to the Eastern Iowa Airport were likely to occur).

After three days of testimony, a jury returned a guilty verdict against Williams for Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951.[2] Because he had at least two prior convictions for robbing cab drivers at knifepoint, Williams was subject to a sentence enhancement under the federal Three Strikes Law, 18 U.S.C. § 3559(c)(1)(A)(i) (1998). The Three Strikes Law mandates life sentences for persons convicted of two or more serious violent crimes.

Immediately after sentencing, Williams appealed his conviction to the U.S. Court of Appeals for the Eighth Circuit,[3] arguing (i) the district court erred by admitting prior bad acts

---

[2] Verdict, United States v. Williams, No. 00-cr-00056 (N.D. Iowa Aug. 9, 2001), ECF No. 76.
[3] Notice of Appeal, United States v. Williams, No. 00-cr-00056 (N.D. Iowa Nov. 6, 2001), ECF No. 102.

2

evidence and instructing the jury on the interstate commerce element of the offense; (ii) there was insufficient evidence to prove the interstate commerce element; and (iii) the sentencing court violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in its application of the three-strikes enhancement under 18 U.S.C. § 3559(c). *United States v. Williams*, 308 F.3d 833, 835 (8th Cir. 2002). Despite his appeal, the Eighth Circuit affirmed Williams' conviction and sentence, ruling that while "[t]he district court erred in giving a jury instruction that did not require the jury to find an 'actual effect' on commerce[,]" the error was harmless, and the district court did not err on the other issues Williams raised. *Id.* at 840. To date, Williams has filed several appeals and at least five motions for postconviction relief in an attempt to truncate his mandatory life sentence under the Three Strikes Law.

## PROCEDURAL HISTORY

On January 5, 2004, Williams filed his first motion to vacate under 28 U.S.C. § 2255,[4] and, with the assistance of counsel, ultimately streamlined his motion to encompass two main arguments: (i) trial counsel was ineffective in failing to move for mistrial based on prosecutorial misconduct during closing arguments; and (ii) appellate counsel ineffectively briefed and argued his direct appeal.[5] On November 20, 2006, the district court denied Williams' motion, holding that none of his grounds for relief had merit.[6] Williams attempted to appeal the district court's denial of his motion, but the court declined to issue a certificate of appealability.[7] The Eighth Circuit affirmed the district court's denial of a certificate of appealability a few months later.[8]

---

[4] Motion to Vacate, United States v. Williams, No. 00-cr-00056 (N.D. Iowa Jan. 5, 2004), ECF No. 115.
[5] Defendant's Brief, United States v. Williams, No. 00-cr-00056 (N.D. Iowa Nov. 18, 2005), ECF No. 138.
[6] Order, United States v. Williams, No. 00-cr-00056 (N.D. Iowa Nov. 20, 2006), ECF No. 146.
[7] Order, United States v. Williams, No. 00-cr-00056 (N.D. Iowa Dec. 21, 2006), ECF No. 153.
[8] Judgment, United States v. Williams, No. 00-cr-00056 (N.D. Iowa Feb. 12, 2007), ECF No. 163.

On April 2, 2007, Williams attempted to file a successive § 2255 motion,[9] under Rule 60(b)(4) of the Federal Rules of Civil Procedure, which provides various grounds for relief from a Judgment or Order. *See* FED. R. CIV. P. 60. In his motion, Williams argued the judgment against him was void because Congress never voted on the Hobbs Act. The district court denied Williams' motion, and he appealed to the U.S. Court of Appeals for the Eighth Circuit in May 2007.[10] A few months later, construing his appeal under 60(b)(4) as a request for authorization to file a successive habeas petition, the Eighth Circuit denied authorization and dismissed Williams' appeal.[11]

On July 23, 2009, Williams filed a motion to reduce sentence[12] arguing that under 18 U.S.C. § 3582(c)(2) and Amendment 709 to the Sentencing Guidelines, he was entitled to a resentencing hearing, as his "prior sentences were for offenses that were not separated by an intervening arrest, [therefore][,] the convictions [were] to be considered as a single conviction." The district court denied the motion,[13] and Williams again appealed the decision.[14] In December 2009, the Eighth Circuit affirmed the district court's denial of his motion.[15]

On January 3, 2012, Williams attempted to file his second successive § 2255 motion[16] arguing, inter alia, the Court's jurisdiction over his criminal case was based on false testimony. The same day of his filing, the district court dismissed the action because Williams had not

---

[9] Motion for Rule 60(b)(4), United States v. Williams, No. 00-cr-00056 (N.D. Iowa Apr. 2, 2207), ECF No. 165.
[10] Notice of Appeal, United States v. Williams, No. 00-cr-00056 (N.D. Iowa May 10, 2007), ECF No. 168.
[11] Judgment of USCA, United States v. Williams, No. 00-cr-00056 (N.D. Iowa July 10, 2007), ECF No. 177.
[12] Mot. to Reduce Sentence, United States v. Williams, No. 00-cr-00056 (N.D. Iowa July 23, 2009), ECF No. 182.
[13] Order, United States v. Williams, No. 00-cr-00056 (N.D. Iowa Aug. 14, 2009), ECF No. 184.
[14] Notice of Appeal, United States v. Williams, No. 00-cr-00056 (N.D. Iowa Sept. 2, 2009), ECF No. 185.
[15] Judgment of USCA, United States v. Williams, No. 00-cr-00056 (N.D. Iowa Dec. 28, 2009), ECF No. 189.
[16] Motion to Vacate, Williams v. United States, No. 12-cv-00001 (N.D. Iowa Jan. 3, 2012), ECF No. 1.

requested authorization from the Eighth Circuit to file a second § 2255 motion with the court.[17] Williams appealed the district court's decision.[18] The Eighth Circuit construed his appeal as an application for a certificate of appealability, denied his application, and dismissed the appeal.[19]

On May 21, 2014, Williams attempted to file his third successive § 2255 motion[20] arguing (i) in light of *Descamps v. United States*, 133 S. Ct. 2276 (2013), his convictions for second degree robbery did not constitute predicate offenses (using the modified categorical approach) under the Three Strikes Act; and (ii) his conviction must be overturned because the enhancement for which he was sentenced was not included in the indictment and "[t]he elements for the . . . enhancement [were not] found by a jury beyond a reasonable doubt. Thirteen days later, the district court dismissed his motion, ruling Williams once again failed to obtain authorization from the Eighth Circuit Court of Appeals to file a successive § 2255 motion.[21] Williams declined to appeal the dismissal of his motion.

On May 25, 2016, Williams attempted to file his fourth successive § 2255 motion,[22] along with thirty-one other petitioners and the assistance of counsel, arguing (i) his sentence was unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016), because the Supreme Court in *Johnson* held that the residual clause of the Armed Career Criminal Act ("ACCA") defining "violent felony" was unconstitutionally vague. Almost a year later, the district court entered an order to show cause[23] ruling that none of

---

[17] Order, Williams v. United States, No. 12-cv-00001 (N.D. Iowa Jan. 3, 2012), ECF No. 2.
[18] Notice of Appeal, Williams v. United States, No. 12-cv-00001 (N.D. Iowa Jan. 12, 2012), ECF No. 4.
[19] Judgment of USCA, Williams v. United States, No. 12-cv-00001 (N.D. Iowa Mar. 30, 2012), ECF No. 9.
[20] Motion to Vacate, Williams v. United States, No. 14-cv-00064 (N.D. Iowa May 21, 2014), ECF No. 1.
[21] Order, Williams v. United States, No. 14-cv-00064 (N.D. Iowa June 3, 2014), ECF No. 4.
[22] Motion to Vacate, Williams v. United States, 16-cv-00107 (N.D. Iowa May 25, 2016), ECF No. 1.
[23] Order to Show Cause, Williams v. United States, 16-cv-00107 (N.D. Iowa Mar. 8, 2017), ECF No. 3.

5

the petitioners were sentenced under the ACCA, and each were found to be career offenders and sentenced under the career offender enhancement in United States Sentencing Guideline §4B1.1(a). In its order, the court also mandated that in light of the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), which concluded that the United States Sentencing Guidelines were not subject to a void for vagueness challenge under the Fifth Amendment, each of the cases would be dismissed unless a petitioner in his respective case showed cause why dismissal should not occur.

On April 20, 2017, Williams responded to the court's order by filing a supplemental petition in the Eighth Circuit.[24] In his petition, Williams argued (i) under *Beckles v. United States*, 137 S. Ct. 886 (2017), pre-*Booker* sentences imposed under the residual clause of the Career Offender Guidelines were subject to challenge as being void for vagueness; (ii) his claim did not rely on a second rule not recognized in *Johnson*, and was not barred by *Donnell v. United States*, 826 F.3d 104 (8th Cir. 2016); and (iii) he had made a prima facie case that his sentence relied on the unconstitutionally vague residual clauses of the Career Offender Guideline and 18 U.S.C. 3559(c)(2)(F). About a month later, the Government responded, arguing Williams (i) had not made a prima facie showing that a new rule of constitutional law supported authorization of a successive § 2255 motion on his 18 U.S.C. § 3559(c) claim; (ii) failed to make a prima facie showing that a new rule of constitutional law supported authorization of a successive § 2255 motion on his Career Offender claim; and (iii) procedurally defaulted by not raising his claims on

---

[24] Supplemental Petition, Williams v. United States, 16-2434 (8th Cir. Apr. 20, 2017).

direct appeal.[25] On January 30, 2019, the Eighth Circuit denied Williams' petition for authorization to file a successive habeas application in district court.[26]

On March 11, 2019, Williams filed the § 2241 Petition at hand,[27] arguing that pursuant to *Mathis v. United States*, 136 S. Ct. 2243 (2016), and other Supreme Court caselaw, second degree robbery (as defined by the Iowa Criminal Code) no longer qualifies as a predicate "serious violent felony" for the purpose of a sentencing enhancement under the Three Strikes Law, 18 U.S.C. § 3559(c). (ECF No. 1 at 12.) On May 16, 2019, the Government filed its Response (ECF No. 5),[28] and on June 3, 2019, Williams filed his Traverse (ECF No. 8). As part of its Response, the Government also included a Motion for Leave to Bifurcate, requesting that the Court first address its procedural argument and then allow it to present "other substantive and procedural defenses . . . . if the Court finds that Petitioner can . . . challenge his career offender designation in a § 2241 proceeding[.]" (ECF No. 5 at 5.) This Order follows.

## LEGAL STANDARD

"Congress has granted federal district courts, 'within their respective jurisdictions,' the authority to hear applications for habeas corpus by any person who claims to be held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Rasul v. Bush*, 542 U.S. 466, 473 (2004) (quoting 28 U.S.C. §§ 2241(a), (c)(3)). "The statute traces its ancestry to the first grant of federal-court jurisdiction: Section 14 of the Judiciary Act of 1789 authorized federal courts to issue the writ of habeas corpus to prisoners who are 'in custody, under or by

---

[25] Response in Opposition to Petition, Williams v. United States, 16-2434 (8th Cir. May 22, 2017).
[26] Judgment, United States v. Williams, No. 00-cr-00056 (N.D. Iowa Jan. 30, 2019), ECF No. 196.
[27] Hereinafter cited as "Pet.".
[28] Hereinafter cited as "Resp.".

7

colour of the authority of the United States, or are committed for trial before some court of the same.'" *Id.* (internal citation omitted). "In 1867, Congress extended the protections of the writ to 'all cases where any person may be restrained of his or her liberty in violation of the constitution, or of any treaty or law of the United States.'" *Id.* (citing *Felker v. Turpin,* 518 U.S. 651, 659–60, (1996)).

> The statutory provisions on habeas corpus appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new habeas corpus procedures for capital cases. The changes made by the 1996 legislation [were] the end product of decades of debate about habeas corpus.

*Norman v. United States*, No. 08CR86, 2019 WL 1386399, at *1 (N.D. Miss. Mar. 26, 2019) (quoting 20 CHARLES ALAN WRIGHT & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 56 (2d ed. 2011)).

"Since 1948, federal prisoners who contend that they were . . . sentenced in violation of the Constitution or laws of the United States have been required in most cases to present that claim through a motion under 28 U.S.C. § 2255." *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015). "The motion must be filed in the district of conviction." *Id.* "As a rule, the remedy afforded by section 2255 functions as an effective substitute for the writ of habeas corpus that it largely replaced." *Id.* (citing 28 U.S.C. § 2241; *United States v. Hayman*, 342 U.S. 205, 218-19 (1952)). "But Congress recognized that there might be occasional cases in which 'the remedy by motion is inadequate or ineffective to test the legality of [the applicant's] detention.'" *Id.* (quoting 28 U.S.C. § 2255(e)).

8

Whether § 2255 is inadequate or ineffective depends on whether it allows the petitioner a "reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence *because the law changed after his first 2255 motion*." *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998) (emphasis added). In the wake of *Davenport,* 147 F.3d 605 (7th Cir. 1998), the Seventh Circuit distilled this holding into a three-part test. It ruled that a petitioner who seeks to invoke the savings clause of § 2255(e) in order to proceed under § 2241 must satisfy the following conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as a conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017).

## DISCUSSION

The question facing this Court is whether Williams has had a reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his sentence because the law changed after his first 2255 motion in 2001. If so, then his case must be dismissed at the threshold; if not, then he may proceed to the merits of his petition. *Webster*, 784 F.3d at 1124. Williams argues he has not had such an opportunity because *Mathis v. United States*, 136 S. Ct. 2243 (2016), is a new statutory interpretation case that was decided subsequent to his first § 2255 motion. (Pet. at 20.) He adds that his petition is also valid because "[he] is serving a sentence that exceeds the maximum sentence he [w]ould have faced for violating 18 U.S.C. § 1951(a) and 3559(c)," without the three-strikes sentencing enhancement. *Id.* In response, the Government asserts that Williams fails to satisfy the prerequisite procedural requirements in order to bring a § 2241

petition. (Resp. at 4-5.) Specifically, it argues *Mathis* fails to establish a new rule, and Williams fails to reference any caselaw that rejected or foreclosed his current argument at the time he filed his initial § 2255 motion. *Id.* at 5-8.

This Court finds that Williams has had a reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his sentence, and that the law has not changed, on the issue under which he brings the Petition at hand, since he filed his first § 2255 motion. Accordingly, Williams has not satisfied the second condition for filing a § 2241 petition, and his Petition is DENIED.

### I. *Mathis* Did Not Establish a New Rule

From a procedural standpoint, § 2255 is inadequate or ineffective only if the petitioner is relying on a new rule that was previously unavailable and applies retroactively. *Davis*, 863 F.3d at 964. "In general . . . a case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government," or "if the result was not dictated by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989). In terms of retroactivity, "[t]he declaration of retroactivity must come from the Justices." *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013). Unfortunately, for Williams, the Supreme Court's decision in *Mathis* did not establish a new rule that applies retroactively.

There is no question that *Mathis* satisfies the first condition for a petition under 28 U.S.C. § 2241: It is a case of statutory interpretation. *Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016) ("*Mathis* interprets the statutory word "burglary" and does not depend on or announce any novel principle of constitutional law."); *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) ("*Mathis* . . . is a case of statutory interpretation."). And while this Court has been silent

10

as to whether *Mathis* established a new rule for purposes of habeas relief, and other district courts in this circuit have been split on the issue, *compare Wadlington v. Werlich*, No. 17-cv-449, 2017 WL 3055039, at *3 (S.D. Ill. Mar. 13, 2018) (reasoning *Mathis* satisfied the first two conditions of a § 2241 petition); *and Winters v. Krueger*, No. 17-cv-386, 2018 WL 2445554, at *2 (S.D. Ind. May 31, 2018) (same); *with Cox v. Kallis*, No. 17-cv-1243, 2018 WL 2994378, at *3 (C.D. Ill. June 14, 2018) ("*Mathis* is not a new rule[.]"); *Neff v. Williams*, No. 16-cv-749, 2017 WL 3575255, at *2 (W.D. Wis. Aug. 17, 2017) (*Mathis* did not announce a new rule, but "merely reaffirmed its 1990 holding in *Taylor* [*v. United States*, 495 U.S. 575 (1990).]"), the *Mathis* Court itself was explicit that it did not establish a new rule. *Mathis*, 136 S. Ct. at 2251 (holding that its longstanding precedent resolved the case, and that "*Taylor* set out the essential rule governing ACCA cases more than a quarter century ago.").

The Eighth Circuit has also concluded that *Mathis* did not establish a new rule, observing that the decisions in *Mathis* and *Descamps v. United States*, 570 U.S. 254 (2013), "are simply the Supreme Court's latest interpretations of the categorial approach the Court has long applied in deciding whether a prior conviction is an ACCA violent felony." *Martin v. United States*, 904 F.3d 594, 597 (8th Cir. 2018); *Winarske v. United States*, 913 F.3d 765, 768 (8th Cir. 2019) ("[N]either *Mathis* nor *Descamps* announced 'a new rule of law, made retroactive to cases on collateral review by the Supreme Court,' as § 2255(h)(2) and § 2244(b)(2)(A) require."). As such, the Court concludes that *Mathis* did not establish a new rule that applies retroactively and DENIES Williams' attempt to argue otherwise.

11

## II. The New Rule Was Not Previously Unavailable

As evidenced by the history of his numerous appeals and § 2255 motions, Williams has made repeated attempts arguing the sentencing enhancement under 18 U.S.C. § 3559(c) is unconstitutional. Prior to sentencing, Williams raised two such arguments.[29] First, he argued that under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the fact and nature of the enhancing felonies needed to be submitted to a jury and proved beyond a reasonable doubt. Second, he argued it was a denial of due process to place the burden on him to prove his prior convictions were not qualifying "serious violent felonies" for purposes of the § 3559(c) sentencing enhancement. His arguments were denied, and he was sentenced to life in prison.

After his conviction, Williams appealed the denial of his arguments, arguing the application of the Three Strikes Law violated the principles of *Apprendi* and *Patterson v. New York*, 432 U.S. 197 (1977).[30] In his first § 2255 motion, Williams argued that his counsel was ineffective for stipulating to the facts underlying his prior convictions, thereby depriving him of the ability to argue that the prior convictions were not "serious violent felonies" to support sentencing under 18 U.S.C. § 3559(c). In his second § 2255 motion, Williams argued the Hobbs Act itself was unconstitutional. In his fourth § 2255 motion, Williams argued, in light of the Supreme Court's ruling in *Descamps*, his convictions for second degree robbery did not constitute predicate offenses under the Three Strikes Act. In his fifth § 2255 motion, Williams argued his sentence was unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016), because the Supreme Court in *Johnson* held that the

---

[29] Brief of Appellant, United States v. Williams, No. 01-3649 (8th Circuit Jan. 8, 2002).
[30] Brief of Appellant at 22-30.

residual clause of the ACCA defining "violent felony" was unconstitutionally vague. In a supplemental brief to his fourth § 2255 motion, Williams argued, under *Beckles*, pre-*Booker* sentences imposed under the residual clause of the Career Offender Guidelines were subject to challenge as being void for vagueness, and that his sentence relied on the unconstitutionally vague residual clauses of 18 U.S.C. 3559(c)(2)(F).

In this scenario, as in one of the scenarios in *Davenport*, allowing Williams to seek habeas corpus relief is not needed to give him a reasonable opportunity to obtain a reliable judicial determination of the legality of his sentence. He had an opportunity to raise the argument he makes now when he appealed his conviction under the Hobbs Act and later when he filed a § 2255 motion challenging his sentence. Nothing in § 2255 prevented Williams from obtaining relief against an unconstitutional sentence in 2001. Nothing in 2255 made the remedy provided by that section inadequate to enable Williams to test the legality of his life sentence. "A prisoner cannot be permitted to lever his way into section 2241 by *making* his section 2255 remedy inadequate[.]" *Morales v. Bezy*, 499 F.3d 668 (7th Cir. 2007). Williams attempts to do just that. Because the argument he brings in the § 2241 Petition at hand was not previously unavailable, this argument fails as well.

### III. RESPONDENT'S MOTION TO BIFURCATE

On May 16, 2019, the Government filed its Response to Williams' § 2241 Petition. In its Response, the Government included a Motion to Bifurcate requesting the Court "permit it to bifurcate its response and accept the included partial response" to Williams' Petition. (Resp. at 1.) Presumably, the Government brings its bifurcation request under Rule 42 of the Federal Rules of Civil Procedure, which states: "If actions before the court involve a common

13

question of law or fact, the court may: (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(3).  In the Petition at hand, the Court is tasked with determining whether Williams is entitled to sentencing relief under 28 U.S.C. § 2241.  Before the Court can reach the merits of his Petition, Williams must first overcome several procedural barriers.  The Government asks the Court whether it may argue Williams' Petition is invalid on procedural grounds before it is required to respond to his Petition on the merits of his arguments.  (Resp. at 5.) Because the Court has dismissed Williams' Petition on procedural grounds, no further response on the merits of his claim is needed, and the Government's request for bifurcation is GRANTED.

## CONCLUSION

For the aforementioned reasons, the Government's [5] Motion for Leave to Bifurcate is GRANTED, Williams' [1] Petition is DENIED, and his claim is DISMISSED.  The Clerk of Court is directed to close this case.


ENTERED this 24th day of June 2019.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge