E-FILED
Monday, 19 August, 2019 02:55:56 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| LORENZO WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 19-1083-MMM |
| | ) | |
| STEVE KALLIS, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Petitioner's Motion for Reconsideration. (D. 11.[1]) For the reasons stated herein, the Motion is DENIED, and the case remains CLOSED.

## PROCEDURAL HISTORY

On June 24, 2019, this Court entered an Order denying Petitioner Lorenzo Williams' petition for writ of habeas corpus under 28 U.S.C. § 2241 and dismissing his claim, as he failed to satisfy the procedural requirements to consider the merits of his petition. (D. 9.) On July 10, 2019, Williams filed the Motion at hand, arguing a recent ruling by the Seventh Circuit cures the procedural defects in his petition and that the Court should reconsider its decision. (D. 11.) This Order follows.

## LEGAL STANDARD

A timely motion under Rule 59(e) is effectively a motion for reconsideration. "Motions under Rule 59(e) will only be granted in order to correct manifest errors of law or fact, to present new evidence, or where there has been an intervening and substantial change in the controlling law, and 'should only be granted in rare circumstances.'" *Leslie v. Roberson*, No. 15 C 2395,

---

[1] Abbreviations to the docket are cited as (D. _ ).

2017 WL 4158887, at *2 (N.D. Ill. Sept. 19, 2017) (citing *Divane v. Krull Elec. Co., Inc*., 194 F.3d 845, 848 (7th Cir. 1999)). A party moving for reconsideration under Rule 59(e) bears a heavy burden of establishing the court should reverse its prior judgment. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc*., 90 F.3d 1264, 1270 (7th Cir. 1996). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co*., 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). It is not appropriate to argue matters that could have been raised in prior motions or to rehash previously rejected arguments in a motion to reconsider. *Caisse Nationale*, 90 F.3d at 1270.

## DISCUSSION

In his Motion for Reconsideration, Williams argues the Court's decision to deny his § 2241 petition was in error based on the Seventh Circuit's June 24, 2019, ruling in *Beason v. Marske*, 926 F.3d 932 (7th Cir. 2019). Specifically, Williams asserts (albeit parenthetically) that in *Beason*, the court held that "substantive decisions such as *Mathis* presumptively apply retroactively on collateral review under 2241." (D. 11 at 1.) Williams, however, fails to demonstrate that *Mathis v. United States*, 136 S. Ct. 2243 (2016), established a new rule which was unavailable to him at the time of his direct appeal and first § 2255 motion. Accordingly, his Motion for Reconsideration is DENIED.

Williams is no stranger to arguing the sentencing enhancement he received under the Violent Crime Control and Law Enforcement Act of 1994, commonly known as the "three strikes law" (18 U.S.C. § 3559), was incorrectly applied.

On November 6, 2001, Williams appealed his conviction to the Eighth Circuit Court of Appeals, arguing, in part, that under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the government had to include his prior felonies in the indictment and prove to a jury beyond a reasonable doubt that he had prior convictions for serious felonies before the three-strikes enhancement could be applied. *United States v. Williams*, 308 F.3d 833, 839 (8th Cir. 2002). He also argued that the application of the three-strikes enhancement at sentencing denied him due process by placing the burden on him to prove by clear and convincing evidence that the prior convictions were not serious violent felonies. *Id.*

On July 28, 2005, in his first motion to vacate under 28 U.S.C. § 2255, Williams argued his trial counsel demonstrated ineffective assistance by depriving him the ability to argue his prior convictions were not crimes of violence under the three-strikes law by stipulating to the underlying facts of his previous convictions.[2]

On July 23, 2009, Williams filed a motion to reduce sentence,[3] arguing that under 18 U.S.C. § 3582(c)(2) and Amendment 709 to the Sentencing Guidelines, he was entitled to a resentencing hearing, as his "prior sentences were for offenses that were not separated by an intervening arrest[,]" and therefore, should have been considered a single conviction.

On May 21, 2014, Williams attempted to file his third successive § 2255 motion,[4] arguing in light of *Descamps v. United States*, 133 S. Ct. 2276 (2013), and using the modified categorical approach, his prior convictions for second-degree robbery did not constitute "serious violent felonies" under the three-strikes law.

---

[2] Brief, United States v. Williams, No. 00-cr-00056 (N.D. Iowa), ECF No. 128.
[3] Motion to Reduce Sentence, United States v. Williams, No. 00-cr-00056 (N.D. Iowa), ECF No. 182.
[4] Motion to Vacate, Williams v. United States, No. 14-cv-00064 (N.D. Iowa), ECF No. 1.

On May 25, 2016, Williams attempted to file his fourth successive § 2255 motion,[5] arguing his sentence was unconstitutional under *Johnson v. United States*, 135 S. Ct. 2251 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016), because the Supreme Court in Johnson held that the residual clause of the Armed Career Criminal Act ("ACCA") defining "violent felony" was unconstitutionally vague.

On April 20, 2017, Williams filed a supplemental petition with the Eighth Circuit,[6] arguing he had established a prima facie case that his sentence relied on the unconstitutionally vague residual clause of 18 U.S.C. § 3559(c)(2)(F).

As the procedural history of Williams' unsuccessful attempts to file successive § 2255 motions demonstrates, with his latest petition, he merely attempts to lever his way into section 2241 by making his section 2255 remedy inadequate. *Beason* does not hold that the Supreme Court established a new rule in *Mathis*. *Mathis* and *Descamps*, "are simply the Supreme Court's latest interpretations of the categorical approach the Court has long applied in deciding whether a prior conviction is an ACCA violent felony." *Martin v. United States*, 904 F.3d 594, 597 (8th Cir. 2018). The *Beason* court concluded that one of the petitioner's grounds for relief—that his prior convictions for Wisconsin drug offenses failed to constitute "serious drug offenses" under the ACCA— was foreclosed to him at the time of his § 2255 motion, and remanded his case for resentencing. That scenario is not present here, and Williams could have argued the indivisible second-degree robbery crimes for which he was convicted failed to constitute "serious violent

---

[5] Motion to Vacate, Williams v. United States, 16-cv-00107 (N.D. Iowa), ECF No. 1.
[6] Supplemental Petition, Williams v. United States, 16-cv-2434 (8th Cir.), ECF No.

felonies" under the three-strikes law.  Without going into the merits of that argument, the Court notes he did not, and his Motion for Reconsideration is DENIED.

## CONCLUSION

For the reasons stated herein, Petitioner's [11] Motion for Reconsideration is DENIED. This case remains CLOSED.

Entered on August 19, 2019.                    /s/ Michael M. Mihm
                                                Michael M. Mihm
                                                United States District Judge